# Court of Appeals
# of the State of Georgia

ATLANTA,  September 06, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0203. JORGE VAZQUEZ VIDAL v. THE STATE.

In December 2019, Jorge Vazquez Vidal's vehicle was stopped for impeding traffic flow. Vidal was ultimately arrested for trafficking in marijuana, possession of marijuana with intent to distribute, and impeding traffic flow. In June 2020, Vidal's counsel filed an amended motion to suppress. On March 22, 2021, the trial court denied Vidal's motion to suppress. After a *Faretta*[1] hearing in October 2021, the trial court allowed Vidal to represent himself. Since that time, Vidal has filed multiple pro se motions, including a March 2022 "Motion to Allow [Filing] of Out of Time Supplemental to Appeal Amended Motion to Suppress," in which he asserted an ineffective assistance of counsel claim. No trial court orders have been entered since that filing. On April 4, 2022, Vidal filed a notice of appeal, essentially seeking to appeal the March 2021 order denying his motion to suppress. We, however, lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the order or judgment sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (punctuation omitted). Thus, to the extent Vidal seeks to appeal the March 22, 2021 order denying his motion to suppress, the instant appeal, filed on April 4, 2022, is untimely as it was filed more than a year after the order's entry.

---

[1] See *Faretta v. California*, 422 U. S. 806 (95 SCt 2525, 45 LEd 2d 562) (1975).

Moreover, under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Because this action remains pending before the trial court, Vidal was required to use the interlocutory appeal procedures – which include filing an application for interlocutory review in the appellate court within ten days of entry of the certificate of immediate review – to appeal the denial of his motion to suppress. See OCGA § 5-6-34 (b); *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __09/06/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*